UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, #761660,

        Plaintiff,                    CIVIL ACTION NO. 10-11195

        v.                         DISTRICT JUDGE GEORGE CARAM STEEH

VETERANS ADMINISTRATION       MAGISTRATE JUDGE MARK A. RANDON,
HOSPITAL

        Defendant.

_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS (DKT. 16)**

    This matter is before the undersigned Magistrate Judge pursuant to an order of reference

from Judge George Caram Steeh (Dkt. No. 6).  Plaintiff Simon Phillips filed a complaint, *pro se,*

under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII)

alleging employment discrimination.  Before the Court is Defendant Veterans Administration

("VA") Hospital's ("Defendant") motion to dismiss under Fed.R.Civ.P. 12(b)(6) (Dkt. No. 16).

Defendant seeks dismissal of Plaintiff's lawsuit on three grounds: (1) that Plaintiff's complaint fails

to state a claim upon which relief could be granted, (2) that Plaintiff failed to exhaust the Equal

Employment Opportunity Commission's ("EEOC") administrative remedies, and (3) that Plaintiff

failed to name a proper party defendant (Dkt. No. 16, p.1).  Plaintiff has responded to the motion and

the undersigned dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  Since, even under

the liberal construction afforded *pro se* pleadings, Plaintiff's complaint fails to state a claim and

names an improper defendant, **IT IS RECOMMENDED** that Defendant's motion to dismiss be

**GRANTED** and that the case be **DISMISSED**.

## I.  BACKGROUND

Plaintiff alleges that he was discriminated against by being discharged from his job with the

VA Hospital following "legal issues" relating to his being charged with domestic violence in August

of 2008 (Dkt. No. 1, p. 3).  Plaintiff claims that similarly situated employees of Defendant were able

to receive a leave of absence while dealing with legal issues (*Id.*).  After being discharged, Plaintiff

claims he contacted his union representative (Dkt. No. 1, p. 3), and also wrote to the EEOC (Dkt.

No. 16, Ex. 2).  Plaintiff does not allege his race, color, religion, sex, or national origin.  Nor does

he even vaguely describe the purportedly similarly situated employees.  In terms of relief, Plaintiff

requests "to be paided [sic] all wages lost leading up to me falling 40ft...I want back pay for a yrs

wages and overtime plus decrimination [sic] pain and suffering up to $100,000" (*Id.*).

## II.  ANALYSIS

### A. Standard of Review

Prior to granting a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure "[t]he court must construe the complaint in the light most favorable

to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can

prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers &*

*Lybrand C.P.A*., 272 F.3d 356, 360 (6th Cir. 2001).  The Supreme Court has recently stated that "to

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to

state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  A complaint must be dismissed

pursuant to a Rule 12(b)(6) motion if a complaint does not plead enough facts to create a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

**B.  Plaintiff Sufficiently Alleged  Exhaustion of Administrative Remedies**

"A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted." *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992). In order to properly exhaust a claim under Title VII, a plaintiff in a deferral state such as Michigan must file a claim with the EEOC within 300 days of the alleged discriminatory practice. 42 U.S.C.2000e-5(e); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 123-24, 108 S.Ct. 1666, 1675, 100 L.Ed.2d 96 (1988). "[T]he 300-day time period begins to run in a discrimination case when the individual involved became aware of the discriminatory act and not when the consequences are felt." *Sawchik v. DuPont DeNemours & Co.*, 783 F.2d 635, 638 (6th Cir.1986). Federal employees have a different complaint procedure and must contact an EEOC counselor within 45 days. 29 C.F.R. § 1514.105(a). This limitations period is not a jurisdictional prerequisite to filing suit, but is subject to waiver, estoppel, and equitable tolling. *Zipes v. TWA*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

Defendant contends that, as of December 3, 2010, it had not received Plaintiff's EEOC complaint and does it have any record of Plaintiff filing a claim with the EEOC (Dkt. No. 16, Exh.

1, Decl. of  Roland Bessette).  Plaintiff was terminated from his position in August of 2008 (Dkt.

No. 1, p. 3).  Thus, the proper time to have filed this complaint would have been no later than 300

days from the time Plaintiff was terminated (or 45 days, if, as it appears, Plaintiff was a federal

employee).  Plaintiff does not give a specific date when he contacted the EEOC, or allege that he

received a right to sue letter from the EEOC.  However, he does state that he filed a complaint with

the EEOC and provides a case number (EEOC-471-2009-026) (Dkt. No. 1, p. 3).  On the issue of

exhaustion, Plaintiff's complaint is sufficient, and Defendant would ordinarily be required to pursue

its claim that Plaintiff has not exhausted his administrative remedies through a motion for summary

disposition.  However, as discussed below, Plaintiff has otherwise failed state a claim and also failed

to name a proper party defendant – requiring dismissal of his claims now.

**C.  Plaintiff has Failed to State a Claim Upon Which Relief Could be Granted**

In his complaint, Plaintiff alleges that he was the victim of employment discrimination (Dkt.

No. 1, p. 3).  A federal claim of employment discrimination falls under Title VII.  Under this statute,

it is unlawful for an employer to "discharge any individual...because of such individual's race, color,

religion, sex, or national origin"  42 U.S.C. §2000e-2(a).  In order to establish a *prima facie* case of

employment discrimination, a plaintiff must show that: "1) he was a member of a protected class;

2) he was subject to an adverse employment action; 3) he was qualified for the job; and 4) for the

same or similar conduct, he was treated differently from similarly situated non-minority employees."

*Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000) quoting *Perkins v. University of Mich.*, 934

F.Supp. 857, 861 (E.D. Mich.1996).

Plaintiff's complaint reads in its entirety as follows:

> I filed a complaint at EEOC-471-2009-026 discrimination this allagation [sic] of employment discrimination. I came to jail Aug 08 domestic violence. I contact union Rep Max who told me he would call me because there were several co-workers with same issue. They, were reinstated back to there [sic] jobs. My executive boss told me that in three yrs and he didn't know me so I had to be a good worker. He told me to re-apply for my job. I left it to the union rep. I after all of this losing my job I start drinking drugs and through all this stress I lost control of my mind. I'm in jail facing 10 to life.
>
> I would like to be paided [sic] all wages lost leading to me falling 40 ft broke my neck, back, collar bone, ribs r/side, traumatic head injury. And after all of this I wake up in U of M hospital. Not aware of nothing [sic] I did after climbing a four story apt. Before all of this a lady friend opened my mail activated my ATM 1,400.00 and this also played a part in my violence. I almost lost my life or could of [sic] possibly taken another life. I will be sentence [sic] 1 Apr 2010 with justice not being serve [sic] for exculpatory evidence, ineffective counsel. I want back pay for a yrs wages and over time plus decrimination [sic] pain and suffering up to $100,000.00.

Accepting all of Plaintiff's factual allegations as true, he has not stated a claim upon which he is entitled to relief under Title VII, because Plaintiff's complaint lacks any allegation that he is a member of a protected class or that those "similarly situated employees" were in a non-protected category. Plaintiff also fails to plead sufficient facts that would show that other employees were treated differently than him for having similar issues. Therefore, Plaintiff has failed to state a claim upon which relief can be granted and his complaint should be dismissed.

**D. Plaintiff Failed to Name a Proper Party Defendant**

Finally, Plaintiff has named the Veterans Administration Hospital as Defendant in this case. 42 U.S.C. § 2000e-16(c) provides that a civil action against a federal employer based on employment discrimination must list "the head of the department, agency, or unit, as appropriate." The proper

defendant for Plaintiff to have named would have been Erik K. Shinseki, Secretary of the Department of Veterans Affairs. 42 U.S.C. § 2000e-16(c). The Sixth Circuit has held that naming an improper defendant is a ground to dismiss a complaint. *See Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988); *See also Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). Plaintiff has not sought leave to amend in order to correct this or any other error. Therefore, Plaintiff's complaint must be also dismissed for failure to name a proper defendant (Dkt. No. 1, p. 1).

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 16) be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court.  The response shall address  each issue

contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  June 28, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 28, 2011, electronically.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
