UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, #761660,

    Plaintiff,

v.

CASE NO. 10-CV-11195

HON. GEORGE CARAM STEEH

VETERANS ADMINISTRATION
HOSPITAL,

    Defendant.

_____/

ORDER DENYING PLAINTIFF'S
OBJECTION/ MOTION FOR RECONSIDERATION (#32)

Plaintiff Simon Phillips filed a complaint, *pro se*, alleging employment discrimination. On December 3, 2010, defendant filed a motion to dismiss. On June 28, 2011, Magistrate Judge Mark Randon issued a report and recommendation to grant defendant's motion to dismiss as plaintiff failed to state a claim and failed to name the proper defendant. On July 11, 2011, plaintiff filed objections to the report and recommendation. On August 2, 2011, the court adopted the report and recommendation and dismissed plaintiff's complaint. The same day, the court entered a judgment for defendant. On August 17, 2011, plaintiff filed a motion for reconsideration, arguing he was wrongfully discharged and asserting a right to a jury trial. On September 14, 2011, plaintiff's motion for reconsideration was denied. On September 28, 2011, plaintiff filed an "objection to judges decision" which was docketed as an objection to the August 2, 2011 order denying plaintiff's request for court-appointed counsel and to waive fees and costs. In his objection, plaintiff states he objects to the

court's denial of his request for court-appointed counsel, objects to the dismissal of his action for failing to name the proper defendant, demands a jury trial pursuant to Rule 38, and indicates he wishes to appeal.  As explained to plaintiff in this court's September 14, 2011 order, Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff has failed to show a "palpable defect" by which the court was misled in either of its August 2, 2011 orders.  First, appointment of counsel is not a constitutional right in a civil case.  <u>Lavado v. Keohane</u>, 992 F.2d 601, 605-606 (6th Cir. 1993).  Appointment is justified only under exceptional circumstances and is not appropriate "when the chances of success are extremely slim."  <u>Id.</u> at 606.  A district court's decision regarding appointment is reviewed for abuse of discretion.  Second, plaintiff argues his action was dismissed for failure to name the proper defendant.  It is true that plaintiff failed to correct this error but plaintiff's complaint also fails because plaintiff fails to state a claim.  Third, plaintiff is not entitled to a jury trial because he fails to state a claim and failed to name the proper defendant.  Finally, plaintiff indicates he wishes to appeal but he is responsible for any appeal of the orders of this court.  Now, therefore,

     IT IS HEREBY ORDERED that plaintiff's objection/ motion for reconsideration (#32) is DENIED.

SO ORDERED.

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

Dated:  October 5, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 5, 2011, by electronic and/or ordinary mail and also to Simon Phillips, III, #761660 at St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

                                      S/Josephine Chaffee
                                      Secretary/Deputy Clerk